Aerotek, Inc. v Mept 757 Third Ave., LLC (2020 NY Slip Op 06377)





Aerotek, Inc. v Mept 757 Third Ave., LLC


2020 NY Slip Op 06377


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 654294/16 Appeal No. 12302 Case No. 2019-04338 

[*1]Aerotek, Inc., et al., Plaintiffs-Appellants,
v
Mept 757 Third Avenue, LLC, Defendant, 757 3rd Avenue Associates, LLC., Defendant-Respondent.


Welby, Brady & Greenblatt, LLP, White Plains (Gregory J. Spaun of counsel), for appellants.
Ganfer Shore Leeds & Zauderer LLP, New York (Mark A. Berman of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about September 25, 2019, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment on their claims and dismissing the counterclaims, unanimously modified, on the law, to deny defendant's summary judgment motion, and the granting of attorneys' fees, and otherwise affirmed, without costs.
Defendant was not entitled to summary judgment under section 6.5 of the respective leases with plaintiffs. Although defendant asserts that plaintiffs' respective leases were separate obligations and therefore defendant was entitled to deny the entirety of plaintiffs' combined request for reimbursement for their alterations, nothing in section 6.5 of the leases suggests that this is the case (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]). Rather, section 6.5(B) of each lease provides that defendant "shall" reimburse each plaintiff "within thirty (30) days after . . . [defendant] receives" (i) receipts and unconditional lien waivers, (ii) payment certificates, and (iii) a signed request for reimbursement, and defendant does not dispute that such documentation was submitted by each plaintiff, under separate cover, by overnight mail on December 4, 2014 and received by defendant on December 5, 2014. Because the 18-month deadline for submission of the reimbursement request expired on January 1, 2015, there was no basis to find each plaintiff's submission untimely, as section 6.5 does not permit defendant to reject the documents submitted by plaintiffs set forth in section 6.5(B) (see A-1 Gen. Contr. v River Mkt. Commodities, 212 AD2d 897, 899 [3d Dept 1995]).
Even if we were to accept defendant's contention that the fact that the leases were separate obligations created an implied condition precedent that plaintiffs were required to separate out their submissions by lease space to receive reimbursement under section 6.5, "constructive conditions, which ordinarily arise from language of promise, are subject to the precept that substantial compliance is sufficient" (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690 [1995]). Based on a review of the record, we cannot conclude as a matter of law that each plaintiff's submissions were so divorced from the requirements of section 6.5 that neither plaintiff was entitled to any portion of its bargained-for right to reimbursement (Danco Elec. Contrs., Inc. v Dormitory Auth. of State of N.Y., 162 AD3d 412, 413 [1st Dept 2018]) . Similarly, because it cannot be concluded on this record that plaintiffs are entitled to 100% of their requested reimbursements, summary judgment in plaintiffs' favor is also not appropriate.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020